Mr. Dominic Amadio Attorney for the Indian Rocks Special Fire Control District 3800 Central Avenue St. Petersburg, Florida 33711
Dear Mr. Amadio:
This is in response to your request for an opinion on the following question:
 SINCE THE SPECIAL ACTS OF THE INDIAN ROCKS SPECIAL FIRE CONTROL DISTRICT CREATED A PUBLIC MUNICIPAL CORPORATION, DOES IT IN SUCH CAPACITY, HAVE THE RIGHT TO EITHER A DISCOUNT OR A REFUND ON GASOLINE TAXES, AS PROVIDED FOR BY LAW?
Your question is answered in the negative.
Chapter 29438, s 1, 1953, Laws of Florida, provides for the incorporation of specified lands `as a Special Fire Control District, which shall become and be a public municipal corporation, having the powers and duties (set forth in Chapter 29438) under the name of `Indian Rocks Special Fire Control District'.' Other provisions of the enabling legislation enumerate the specific powers and duties of the district and its governing board, none of which encompass general governmental functions and powers. As stated in AGO 074-49, involving this same district, a single statutory reference to or characterization of, a special district as a public municipal corporation does not make it one or enlarge its lawful authority beyond that specifically conferred by its enabling statute. As a general concept a municipality is a legally incorporated association of the inhabitants of a particularly designated place or limited territorial area which is established for prescribed local governmental and public utility or other public purposes and is commonly called a city or a town. State v. City of Avon Park, 149 So. 409, 412 (Fla. 1933); AGO 071-305. As prescribed by s 2(b). Art. VIII, State Const., municipalities possess governmental, corporate and proprietary powers to enable them to conduct municipal government; and may exercise any power for municipal purposes except as otherwise provided by law. Numerous opinions of this office have consistently stated that special districts and other statutory entities are not municipalities, but are statutory entities created for definitely restricted purposes and not for general local government. See, e.g., AGO's 079-3, 074-169, 074-49, 073-443, 071-305, and 069-130.
Section 206.625, F.S., requires certain designated gas taxes paid by a municipality on gasoline for use in a motor vehicle operated by it to be returned to the governing body of such municipality for the construction, reconstruction, and maintenance of roads and streets within the municipality. Examination of the provisions of Ch. 29438, 1953, Laws of Florida, discloses that no provision thereof authorizes or anywise empowers the Indian Rocks Special Fire Control District to construct, reconstruct, or maintain any roads and streets whatsoever within the district. The language in this statute clearly applies only to a local general purpose government, a true municipality, empowered, among other things, to construct, reconstruct and maintain roads and streets within its corporate limits. Cf., s 206.605, F.S., providing that the proceeds of the additional eight-cent motor fuel tax shall be transferred into the Revenue Sharing Trust Fund for municipalities, and s 218.21(1) and (3), F.S., defining `Unit of local government' and `Municipality,' respectively, for the purposes of distributions from the Revenue Sharing Trust Fund for municipalities pursuant to the Florida Revenue Sharing Act, Part II of Ch. 218, F.S. See also, s 165.031(2), (4) and (5), F.S., defining `Local general-purpose government,' `Municipality,' and `Special district,' respectively, for the purposes of the Formation of Local Governments Act, Ch. 165, F.S.
In response to an inquiry from the Auditor General as to whether this same district was `indeed a public municipal corporation as stated in Ch. 29438 . . . and does it have legal status as such,' this office stated in AGO 074-169:
 Similarly, s. 1, Ch. 29438, 1953, Laws of Florida, creates the Indian Rocks Special Fire Control District (hereinafter referred to as the `district') as a `public municipal corporation, having the powers and duties herein set forth.' However, such status is coupled with an enumeration of specified powers, ss. 9, 10, and 11, Ch. 29438, which does not encompass general governmental functions. Thus, pursuant to the foregoing authorities, I am of the opinion that the district is a public quasi corporation, and, as such, is a governmental agency of the state, having only those powers which are delegated to it by law. Accord: Attorney General Opinion 074-49, in which it was stated that the district has no express or implied power to adopt and enforce fire prevention and fire safety codes and ordinances.
Based on the foregoing Attorney General Opinions and authorities cited therein, I am therefore of the opinion that the Indian Rocks Special Fire Control District, although characterized as a `public municipal corporation' by its enabling statute, is not in fact and law a `municipality' for the purposes of s 206.625(1), F.S., and does not qualify for the motor fuel tax refund to municipalities.
Sincerely,
Jim Smith, Attorney General
Prepared by: G.P. Waldbart, Assistant Attorney General